Ryan Lee
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Phone: (323) 988-2400 x 241
Fax: (866) 861-1390
rlee@consumerlawcenter.com

Aaron D. Radbil (*pro hac vice* application to follow)
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Phone: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Betty Brown and Margie Furuya, *on behalf of themselves and others similarly situated*, | ) Case No. |
| | ) |
| | ) PLAINTIFFS' CLASS ACTION |
| | ) COMPLAINT |
| Plaintiffs, | ) |
| | ) JURY DEMANDED |
| vs. | ) |
| | ) |
| Hunt & Henriques, Attorneys at Law, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

### Nature of this Action

1.      Betty Brown and Margie Furuya ("Plaintiffs") bring this class action against Hunt & Henriques, Attorneys at Law ("Hunt & Henriques" or "Defendant") under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692

*et seq*.

2.      In particular, Plaintiffs allege that Defendant failed to properly provide them with disclosures required by 15 U.S.C. § 1692g(a)(4), and that this failure violates the FDCPA.

## Background

3.      Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).

4.      It did so in response to "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which contributes "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

5.      Recently, the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained: "Harmful debt collection practices remain a significant concern today. The CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

6.      Of these complaints about debt collection practices, over one third relate to debt collectors' attempts to collect debts that consumers do not owe.[2]

---

[1]      *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf

[2]      *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2014* at 9-10 (2014) ("CFPB 2014 Report"), http://files.consumerfinance.gov/f/201403_cfpb_fair-debt-collection-practices-act.pdf

7.     To combat this problem, the FDCPA requires that debt collectors send consumers "validation notices" containing certain information about their alleged debts and related rights "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." 15 U.S.C. § 1692g(a).

8.     These validation notices must advise consumers of, among other things, the right to dispute a respective debt and to request, *in writing*, that the debt collector provide the consumer with certain information. 15 U.S.C. § 1692g(a)(4).

9.     Specifically, if a consumer "notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed," the debt collector must "obtain verification of the debt or a copy of a judgment against the consumer," and mail "a copy of such verification or judgment" to the consumer. *Id.* (emphasis added).

10.    "[T]his validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'"[3]

---

[3]     *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

**Jurisdiction and Venue**

11.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12.     Venue is proper in this Court under 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiffs' action transpired, at least in part, in this district, and Defendant transacts business in this district.

**Parties**

13.     Plaintiffs are natural persons who at all relevant times resided in Clovis, California, which is in Fresno County, and Lake Isabella, California, which is Kern County.

14.     Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

15.     Hunt & Henriques is an entity that was at all relevant times engaged in the business of attempting to collect from Plaintiffs "debts"—in default—as defined by 15 U.S.C. § 1692a(5).

16.     Hunt & Henriques is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**Factual Allegations**

17.     Plaintiffs are obligated, or allegedly obligated, to pay debts now owed or due, or asserted to be owed or due, Bank of America, N.A.

18.     Plaintiffs' obligations, or alleged obligations, owed or due, or asserted to be owed or due Bank of America, N.A., arise from transactions in which the money, property, insurance, or services that are the subject of the transactions were incurred primarily for personal, family, or household purposes.

19.     On January 8, 2015, Hunt & Henriques mailed to Ms. Brown an initial communication that reads, in part:

> Creditor:              Bank of America, N.A., successor-in-interest to FIA Card Services
> Customer:              BETTY A BROWN
> Balance Owed:          $19,179.63
> Previous Acct. #:      XXXXXXXXXXXX8016
> Current Acct. #:       XXXXXXXXXXXX0625
>
> Dear BETTY A BROWN,
>
> Our law firm has been retained by Bank of America, N.A., successor-in-interest to FIA Card Services (the "Bank"), in connection with the above-referenced account. Please be advised that the Bank intends to invoke its right to file a lawsuit against you.
>
> If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you. Upon your written request within the same thirty (30) day period mentioned above, we will provide you with the name and address of the original creditor, if different from the current creditor. Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after your receipt of this letter, we will assume that the debt is valid.
>
> *     *     *

This communication is from a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose.

*See* Exhibit A.

20.     Hunt & Henriques's January 8, 2015 letter to Ms. Brown was its initial communication to her.

21.     Hunt & Henriques did not otherwise communicate with Ms. Brown within the five days following its initial communication to her.

22.     Also on January 8, 2015, Hunt & Henriques mailed to Ms. Furuya an initial communication that reads, in part:

| | |
|---|---|
| Creditor: | Bank of America, N.A., successor-in-interest to FIA Card Services |
| Customer: | MARGIE M FURUYA |
| Current Balance: | $23,559.81 |
| Previous Acct. #: | XXXXXXXXXXX8045 |
| Current Acct. #: | XXXXXXXXXXXX0453 |

Dear MARGIE M FURUYA,

Our law firm has been retained by Bank of America, N.A., successor-in-interest to FIA Card Services (the "Bank"), in connection with the above-referenced account. Please be advised that the Bank intends to invoke its right to file a lawsuit against you.

If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you. Upon your written request within the same thirty (30) day period mentioned above, we will provide you with the name and address of the original creditor, if different from the current creditor.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after your receipt of this letter, we will assume that the debt is valid.

*    *    *

This communication is from a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose.

*See* Exhibit B.

23.    Hunt & Henriques's January 8, 2015 letter to Ms. Furuya was its initial communication to her.

24.    Hunt & Henriques did not otherwise communicate with Ms. Furuya within the five days following its initial communication with her.

25.    Hunt & Henriques's January 8, 2015 letters to Plaintiffs violated 15 U.S.C. § 1692g(a)(4) by failing to inform them that Hunt & Henriques need only have mailed verification of the respective debts, or a copy of the judgment, to them if they requested, *in writing*, that Hunt & Henriques do so.

26.    That is, Hunt & Henriques was not required to mail verification of the debt, or a copy of the judgment, to Plaintiffs if they orally requested that Hunt & Henriques do so.

27.    Hunt & Henriques's January 8, 2015 communications, however, imply to the least sophisticated consumer that there is one standard if a consumer wants to obtain the name and address of the original creditor within the subject thirty day time

period—send a written request—and a different standard if the consumer wants to obtain verification of the debt or a copy of any judgment—make an oral request or send a written request.

28.    This misstatement of the rights afforded by the FDCPA would cause the least-sophisticated consumer to understand, incorrectly, that requests for debt validation could be made orally or by means other than in writing.

29.    Such a misunderstanding could lead the least-sophisticated consumer to waive or otherwise not properly vindicate his or her rights under the FDCPA.

30.    Moreover, failing to request verification in writing would cause a consumer to waive the important protections afforded by 15 U.S.C. § 1692g(b)—namely, that a debt collector cease contacting the consumer until the debt collector provides the consumer with verification of the alleged debt.

31.    As one district court explained:

> An oral notice of dispute of a debt's validity has different legal consequences than a written notice. Section 1692g(b) provides that if the consumer notifies the collector of a dispute *in writing* within the 30–day period, the collector must cease collection activities until he obtains the verification or information required by subsections 1692g(a)(4) and (a)(5). But if the consumer disputes the debt orally rather than in writing, the consumer loses the protections afforded by § 1692g(b); the debt collector is under no obligation to cease all collection efforts and obtain verification of the debt. *Withers v. Eveland,* 988 F. Supp. 942, 947 (E.D.Va.1997). An oral dispute "triggers multiple statutory protections," but these protections are not identical to those triggered by a written dispute. *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005). As the Ninth Circuit has

explained the FDCPA "assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing." *Id*. at 1082.

*Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 869-70 (S.D. Tex. 2011) ("Every district court to consider the issue has held that a debt collector violates § 1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing.").

32.     Upon information and good-faith belief, Hunt & Henriques's January 8, 2015 letters to Plaintiffs are based on a form template used by Hunt & Henriques to collect consumer debts in default on behalf of Bank of America, N.A.

**Class Allegations**

33.     Plaintiffs bring this action, in part, under Fed. R. Civ. P. 23 and on behalf of themselves and others similarly situated.

34.     Plaintiffs seek to represent a class defined as:

(a) All persons with a California address, (b) to whom Hunt & Henriques, Attorneys at Law, mailed an initial debt collection communication that stated: "If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you," (c) within the year preceding the date of this complaint, (d) in connection with the collection of a consumer debt.

35.     The proposed class specifically excludes the United States of America, the State of California, counsel for the parties, the presiding United States District

Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of The United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

36.     Upon information and good faith belief, the proposed class is so numerous that joinder of all members is impracticable.

37.     The exact number of the members of the proposed class is unknown at this time, but can be ascertained through appropriate discovery.

38.     Upon information and good faith belief, the class is ascertainable in that the names and addresses of all members of the proposed class can be identified by Defendant's business records.

39.     There exists a well-defined community of interest in questions of law and fact that affect all members of the proposed class.

40.     These common questions of law and fact predominate over questions that may affect individual members of the proposed class.

41.     These common questions of law and fact include, but are not limited to:

- Defendant's identical conduct with regard to all members of the proposed class;

- Whether Defendant's initial debt collection letters fail to contain proper disclosures required by the FDCPA;

- Whether Defendant is a "debt collector" as defined by the FDCPA;

- The availability of statutory penalties under the FDCPA;

- The availability of attorneys' fees under the FDCPA; and

- The availability of costs under the FDCPA.

42.    Plaintiffs' claims are typical of those of the members of the proposed class.

43.    Plaintiffs' claims, and the claims of the members of the proposed class, originate from the same conduct, practice, and procedure, on the part of Defendant.

44.    If brought and prosecuted individually, the claims of each member of the proposed class would require proof of the same material and substantive facts.

45.    Plaintiffs possess the same interests and have suffered the same injuries as each member of the proposed class.

46.    Plaintiffs assert identical claims, and seek the same relief, for both themselves and the members of the proposed class.

47.    Plaintiffs will fairly and adequately protect the interests of the members of the proposed class.

48.    Plaintiffs have no interest that directly and irrevocably conflicts with the interests of other members of the proposed class.

49.    Plaintiffs are willing and prepared to serve this Court and the members of the proposed class.

50.    Plaintiffs' interests are co-extensive with, and not directly antagonistic to, those of the members of the proposed class.

51.    Plaintiffs have retained the services of counsel who are experienced in both consumer protection claims and complex class action litigation.

52.    Plaintiffs' counsel will vigorously prosecute this action, and will assert, protect, and otherwise represent both Plaintiffs and all absent members of the proposed class.

53.    The prosecution of separate actions by individual members of the proposed class may create a risk of inconsistent or varying adjudications with respect to individual members of the proposed class, which could establish incompatible standards of conduct for Defendant.

54.    These incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the proposed class.

55.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the members of the proposed class, making final declaratory or injunctive relief appropriate.

56.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the proposed class predominate over any questions affecting only individual members of the proposed class.

57.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this complaint in that:

- Individual claims by the members of the proposed class may be impracticable as the costs of pursuit could far exceed what any one member of the proposed class has at stake;

- Individual members of the proposed class are unlikely to have an interest in prosecuting and controlling separate individual actions; and

- The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

**Count I**
**Violation of 15 U.S.C. § 1692g(a)(4)**

58.     Plaintiffs incorporate the allegations contained in paragraphs 1-57 above.

59.     The FDCPA at Section 1692g(a) provides:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(4)-(5).

60.     "Every district court to consider the issue has held that a debt collector violates § 1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing." *Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 870 (S.D. Tex. 2011) (citing *Bicking,* 783 F.Supp.2d at 844–46; *Beasley v. Sessoms & Rogers, P.A.,* No. 5:09–CV–43–D, 2010 WL 1980083, at *6–7 (E.D.N.C. Mar. 1, 2010); *Nero v. Law Office of Sam Streeter,* 655 F.Supp.2d 200, 206 (E.D.N.Y.2009); *McCabe v. Crawford & Co.,* 272 F.Supp.2d 736, 742–44 (N.D.Ill.2003); *Carroll v. United Compucred Collections, Inc.,* No. 1–99–0152, 2002 WL 31936511, at *8–9 (M.D.Tenn. Nov. 15, 2002); *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP,* 217 F.Supp.2d 336, 340–41 (E.D.N.Y. 2002)).

61.    Hunt & Henriques violated 15 U.S.C. § 1692g(a)(4) by failing to inform Plaintiffs that requests under Subsection (a)(4) of the FDCPA must be made in writing.

## Trial by Jury

62. Plaintiffs request a trial by jury.

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

a) Determining that this action is a proper class action under Fed. R. Civ. P. 23;

b) Certifying Plaintiffs as class representatives;

c) Appointing Plaintiffs' counsel as class counsel;

d) Adjudging that Defendant violated 15 U.S.C. 1692g(a)(4);

e) Awarding Plaintiffs, and members of the proposed class, statutory damages;

f) Awarding Plaintiffs, and members of the proposed class, injunctive and declaratory relief;

g) Awarding Plaintiffs, and members of the proposed class, reasonable attorneys' fees and costs incurred in this action;

h) Awarding Plaintiffs, and members of the proposed class, any pre-judgment and post-judgment interest as may be allowed under the law; and

1     i)   Awarding other and further relief as this Court may deem just and

2          proper.

3

4    Dated March 10, 2015                    Respectfully submitted,

5

6                                            /s/ Ryan Lee
                                             Ryan Lee
7                                            Krohn & Moss, Ltd
                                             10474 Santa Monica Blvd., Suite 405
8                                            Los Angeles, CA 90025
                                             Phone: (323) 988-2400 x 241
9                                            Fax: (866) 861-1390
                                             rlee@consumerlawcenter.com
10

11                                           Aaron D. Radbil (*pro hac vice* application to
                                             follow)
12                                           Greenwald Davidson Radbil PLLC
                                             106 East Sixth Street, Suite 913
13                                           Austin, Texas 78701
                                             Phone: (512) 322-3912
14                                           Fax: (561) 961-5684
                                             aradbil@gdrlawfirm.com
15

16

17

18

19

20

21

22

23

24