United States District Court
Northern District of California

1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8

BETTY BROWN, et al.,

Plaintiffs,

9

v.

10

HUNT & HENRIQUES, ATTORNEYS AT LAW,

11

Defendant.

12

Case No.  5:15-cv-01111-EJD

**ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Re: Dkt. No. 22

13

14        Plaintiffs Betty Brown and Margie Furuya (collectively, "Plaintiffs") filed the instant class

15   action suit against Defendant Hunt & Henriques, Attorneys at Law ("Defendant") alleging the

16   violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(a)(4).

17   Presently before the court is Plaintiffs' Motion for Preliminary Approval of the Class Action

18   Settlement, which is unopposed.  See Mot., Dkt. No. 22.

19        Federal jurisdiction arises pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  A

20   hearing on the motion was held on October 8, 2015.  Having carefully considered the pleadings

21   filed by the parties in conjunction with the hearing, the court finds, concludes and orders as

22   follows:

23        1.        A class action may not be settled without court approval.  Fed. R. Civ. P. 23(e).  "If

24   the proposal would bind class members, the court may approve it only after a hearing and on

25   finding that it is fair, reasonable, and adequate."  Id.  Where "the parties reach a settlement

26   agreement prior to class certification, courts must peruse the proposed compromise to ratify both

27   the propriety of the certification and the fairness of the settlement."  Staton v. Boeing Co., 327

1

28   Case No.: 5:15-cv-01111-EJD
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

United States District Court
Northern District of California

F.3d 938, 952 (9th Cir. 2003).  In these instances, "courts must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations."  Dennis v. Kellogg Co., 697 F.3d 858, 864 (9th Cir. 2012) (internal quotations omitted).  Thus, "settlement approval requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)."  Id. (internal quotations omitted).  While the law favors the compromise and settlement of class action suits, "the decision to approve or reject a settlement is committed to the sound discretion of the trial judge because he is exposed to the litigants and their strategies, positions, and proof."  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998).

2.       Here, the parties reached a settlement agreement prior to class certification.  In perusing the proposed agreement, the court found various deficiencies that raise questions about the manner in which this action was settled.  First, the record shows that a mediator was appointed (see Dkt. No. 19), but Plaintiffs do not provide any information in their motion brief concerning the mediation process.  At the hearing, the parties stated that they spoke with the mediator, but did not actually meet with the mediator.  Thus, the court has no information as to the extent and quality of the parties' negotiation efforts, nor any indication of what discovery was undertaken before the settlement was reached.

3.       Second, various terms of the proposed settlement agreement are either vague or unreasonable without a more specific explanation.  The proposed agreement provides that any remaining funds will be distributed to a *cy pres* recipient, but the identity of the *cy pres* recipient is unknown.  See Dkt. No. 22-1, Settlement Agreement § 2.3.  The proposed agreement also provides that the settlement administrator is First Class, Inc., but there is no information as to First Class, Inc.'s background and experience as settlement administrator, its connection to the parties, or the amount of fees.  See id. at § 3.5.  Moreover, the proposed agreement provides that the settlement checks sent to class members will expire and become void 90 days after the checks are mailed.  See id. at § 4.3.  This 90-day period seems to be an unreasonably short timeframe for class members to cash their checks without some justification, and this term is absent from the

2

class notice.

4.      Based on the foregoing, the court DENIES Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.  The court notes this is not an exhaustive list of the deficiencies identified in the proposed agreement, but is meant to serve as guidance for the parties. Plaintiffs have leave to submit a new motion for preliminary approval that addresses the deficiencies identified herein, and provides a more detailed analysis under Rule 23 and its related authority.  In addition, any renewed motion must include a "mock-up" of the class notice in the form and layout it will be sent to class members.

5.      The court schedules this case for a Case Management Conference for **10:00 a.m. on February 4, 2016**.  The parties shall file a Joint Case Management Conference Statement on or before **January 28, 2016**.

**IT IS SO ORDERED.**

Dated: October 15, 2015

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-01111-EJD
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

United States District Court
Northern District of California