UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BETTY BROWN, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>HUNT & HENRIQUES, ATTORNEYS AT LAW,<br><br>        Defendant. | Case No.  5:15-cv-01111-EJD<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 34 |

Plaintiffs Betty Brown and Margie Furuya (collectively, "Plaintiffs") filed the instant class action suit against Defendant Hunt & Henriques, Attorneys at Law ("Defendant") alleging violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(a)(4). Presently before the court is Plaintiffs' Renewed Motion for Preliminary Approval of the Class Action Settlement, which remains unopposed. See Dkt. No. 34.

Federal jurisdiction arises pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. The Court held a hearing on the motion on April 14, 2016.  Having considered the Renewed Motion for Preliminary Approval of the Class Action Settlement and the parties' arguments, the Court finds, concludes, and orders as follows:

1.    This matter preliminarily meets the requirements for class certification under Federal Rule of Civil Procedure 23.

2.    The Court preliminarily certifies the following settlement class:

> (a) All persons with a California address, (b) to whom Hunt & Henriques, Attorneys at Law, mailed an initial debt collection communication that stated: "If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you," (c) from March 10, 2014 through March 10, 2015, (d) in connection with the collection of a consumer debt on behalf of Bank of America, N.A.

Excluded from the class is:

- Any person that is already subject to an existing release;
- Any person that is deceased;
- Any person that has filed for bankruptcy protection under Title 11 of the United States Code; and
- Any class member that timely mails a request for exclusion.

The Class Period runs from March 10, 2014 to March 10, 2015.

3. The Court appoints Betty Brown and Margie Furuya as class representative, and Greenwald Davidson Radbil as class counsel.

4. The Court approves the parties' proposed notice of class action settlement. See Ex. 1.

5. The Court orders the Class Administrator to distribute the class action notice to class members in the following way:

- First Class, Inc. (The Administrator) is required to mail the class notice to each class member's most current address (as reflected in Defendant's records) no later than thirty-five days following the preliminary approval date;
- Envelopes containing the class notices must include a notation requesting an address correction. If any of the notices are returned with new addresses, First Class, Inc. is required resend the class notices to these addresses;
- For class members whose notices are returned without a forwarding address, First Class, Inc. is required to search a national change of address database to obtain a new address. If a new address is found, First Class, Inc. is required to send a class notice to the new address;
- First Class, Inc. is not responsible for the postal service's failure to timely deliver the class notice to a particular class member; and
- First Class, Inc. is not required to resend a notice that is not returned by the postal service prior to the final fairness hearing.

6. The parties' proposed notice of class action settlement, and the ordered distribution meets the requirements of due process under the Constitution and Federal Rule of Civil Procedure 23(e), and constitutes due and sufficient notice to all persons entitled to notice of the class action

2
CASE NO.: 5:15-CV-01111-EJD
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

settlement.

7. The parties' proposed notice of class action settlement is adequate and gives all class members sufficient information to determine whether they should accept, object to, or opt out of the settlement agreement. See Churchville Village, LLC v. Gen. Elec., 361 F. 3d 566, 575 (9th Cir. 2004) ("Fed. R. Civ. P. 23(c)(2) prescribes the 'best notice practicable under the circumstances.' Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'") (quoting Mendoza v. Tucson Sch. Dist. No. 1, 623 F.2d 1338, 1352 (9th Cir.1980)).

8. Class members that wish to exclude themselves from the class action settlement must mail a written request for exclusion from the settlement to class counsel, Defendant's counsel, and this Court no more than sixty days after the preliminary approval date. The request for exclusion should include the following information:

- The case name and case number;
- The class member's full name, address, and telephone number; and
- A statement that he or she wishes to be excluded from the class action settlement.

9. Class members that submit a valid request for exclusion will neither receive the benefits of the settlement nor be bound by the terms of the proposed settlement.

10. Class members that wish to object to the class action settlement must mail a written notice of objection to class counsel, Defendant's counsel, and the Court no more than sixty days after the preliminary approval date. The notice of objection must include the following information:

- The case name and case number;
- The class member's full name, address, and telephone number;
- A statement detailing each objection;
- A description of the facts and law underlying each objection;
- A statement noting whether the class member intends to appear at the fairness

3
CASE NO.: 5:15-CV-01111-EJD
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

hearing;

- A list of all witnesses that the class member intends to call by live testimony, deposition testimony, or affidavit or declaration testimony; and

- A list of exhibits that the class member intends to present at the final fairness hearing.

11. The Court will not consider objections of class members or other persons during the final hearing if these individuals fail to timely serve their objections on class counsel or Defendant's counsel.  This rule may be modified, however, by agreement between class counsel and Defendant's counsel.

12. Class members are enjoined from filing claims that are currently the subject of this class action until the fairness hearing.

13. If the parties' settlement agreement terminates, or if this Court does not finally approve the parties' proposed settlement, Plaintiffs' and Defendant will retain the same rights and interests they had prior to the execution their settlement agreement.

Based on the foregoing, the Motion for Preliminary Approval is GRANTED. The Court will hold a fairness hearing at **9:00 a.m. on November 3, 2016**.  Upon completion of the hearing, if the Court determines that the proposed settlement is fair, adequate, reasonable, and a result of an intensive, non-collusive, and arm's-length negotiations, it may grant final approval of the settlement agreement.  See Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993) ("A settlement should be approved if 'it is fundamentally fair, adequate and reasonable.'") (quoting Class Plaintiffs v. Seattle, 955 F.2d 1268, 1276 (9th Cir.), cert. denied, 506 U.S. 953 (1992)).  The court will also resolve other related matters.

**IT IS SO ORDERED.**

Dated: April 26, 2016



EDWARD J. DAVILA
United States District Judge

4
CASE NO.: 5:15-CV-01111-EJD
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT